UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PATRICK SABAJ,

    Plaintiff,

        v.                                    CAUSE NO. 3:23-CV-299-RLM-MGG

WESTVILLE COR. FACILITY, et al.,

    Defendants.

<u>OPINION AND ORDER</u>

Patrick Sabaj, a prisoner without a lawyer, filed amended complaint. The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A . To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

Mr. Sabaj alleges that the eye doctor at the Westville Correctional Facility sent him to the Midwest Eye Institute for cataract surgery on December 7, 2022. He claims the surgery caused his vision to worsen and left him with blurriness, burning, and a feeling of grittiness in his left eye, which now has no clear vision. He has sued the

Westville Correctional Facility, Warden John Galipeau, Ms. Bridegroom, Jennifer M. Nottage, John Doe, Jane Doe, and the Midwest Eye Institute for monetary damages and injunctive relief in the form of having his "eye fixed." ECF 7 at 4.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. Thomas v. Blackard, 2 F.4th 716, 722 (7th Cir. 2021). However, they are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997); *see also* Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." Forbes v. Edgar, 112 F.3d at 267. The court will "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford Health, 940 F.3d at 965 (citation and quotation marks omitted). This standard "reflects the reality that there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." Lockett v. Bonson, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted).

It's not enough that a medical professional be mistaken in his or her judgment. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. Hildreth v. Butler, 960 F.3d 420, 425–426 (7th Cir. 2020). The inmate must allege deliberate indifference,

which is "a culpability standard akin to criminal recklessness." <u>Thomas v. Blackard</u>, 2 F.4th at 722.

Mr. Sabaj has sued the Westville Correctional Facility, which is an arm or entity of the Indiana Department of Correction. That's not proper defendant because a state agency isn't a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 64–66, 70–71 (1989); *see also* <u>de Lima Silva v. Dep't of Corr.</u>, 917 F.3d 546, 565 (7th Cir. 2019) (any claim for damages against the IDOC would be barred by the Eleventh Amendment).[1]

Even if the Midwest Eye Institute can be considered a state actor—a fact which isn't clear from the complaint—a company can't be held liable for a constitutional violation only because it employs the medical staff responsible for his care. <u>J.K.J. v. Polk Cty.</u>, 960 F.3d 367, 377 (7th Cir. 2020).

As to the individually named defendants, the amended complaint lacks facts, dates, and specifics about the medical treatment he received before, during, and after the surgery. Although Mr. Sabaj suggests the surgery worsened his vision, he doesn't plausibly allege that any of the defendants were deliberately indifferent to his medical needs. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." <u>Bell Atlantic v. Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft</u>

---

[1] The same applies to any official capacity claims for monetary damages. *See* <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons'" that can be sued for constitutional violations under 42 U.S.C. § 1983.).

v. Iqbal, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Mr. Sabaj hasn't done that here.

Finally, Mr. Sabaj doesn't allege that Warden Galipeau was personally involved in his medical care. The Warden can't be held liable for damages solely because he supervises other correctional staff, as "public employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009); *see also* Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018). To the extent Mr. Sabaj is seeking injunctive relief to "fix" his left eye, he suggests it needs attention, but it's unclear whether Mr. Sabaj made any requests for additional care following the surgery, to whom he made those requests, or how they responded. Based on the sparse facts presented, it's simply not plausible to infer Mr. Sabaj isn't getting constitutionally adequate medical care today. *See e.g.* Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its

face and complaint must provide adequate factual content); <u>Atkins v. City of Chicago</u>, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted).

This complaint doesn't state any claims for which relief can be granted. If Mr. Sabaj believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." <u>Abu-Shawish v. United States</u>, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Patrick Sabaj until **September 6, 2023**, to file a second amended complaint; and

(2) CAUTIONS Mr. Sabaj that if he doesn't respond by September 6, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 2, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT