UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PATRICK SABAJ,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-299-RLM-MGG

JENNIFER M. NOTTAGE,

    Defendant.

## OPINION AND ORDER

Patrick Sabaj, a prisoner without a lawyer, filed a second amended complaint. The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This is Mr. Sabaj's third attempt to plead his claims. He filed an original complaint followed by an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). The court screened the amended complaint and found it did not

state any claims, but gave him an opportunity to file a second amended complaint to correct the deficiencies noted. ECF 13. He has responded with this pleading. ECF 17.

Mr. Sabaj alleges the eye doctor at the Westville Correctional Facility sent him to the Midwest Eye Institute for cataract surgery on December 7–8, 2022. He claims the surgery performed there by Dr. Jennifer M. Nottage caused his vision to worsen. He says he now has blurriness, burning, itching, and a feeling of grittiness in his left eye, which has no clear vision. A different outside doctor at a different outside facility—Anderson Eye Care—has since told him there was a problem with his left eye as compared to his right. He was told he would be sent to a neurologist, but that visit hasn't yet been scheduled. He sues Dr. Nottage for failing to correct his vision during the cataract surgery and causing him to become blind in his left eye.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. Thomas v. Blackard, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997); *see also* Johnson v. Doughty, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). They are entitled to "reasonable measures to meet a substantial risk of serious harm." Forbes v. Edgar, 112 F.3d at 267. The court will "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford Health, 940 F.3d at 965 (citation and

2

quotation marks omitted). This standard "reflects the reality that there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." Lockett v. Bonson, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and internal quotation marks omitted).

It's not enough that a medical professional be mistaken in his or her judgment. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. Hildreth v. Butler, 960 F.3d 420, 425–426 (7th Cir. 2020). The inmate must allege deliberate indifference, which is "a culpability standard akin to criminal recklessness." Thomas v. Blackard, 2 F.4th at 722.

Even if Dr. Nottage can be considered a state actor—which is far from clear[1]—the second amended complaint doesn't suggest she was deliberately indifferent to Mr. Sabaj's medical needs. Although Mr. Sabaj claims the surgery made his vision, no facts show Dr. Nottage provided a constitutionally inadequate lack of care before, during, or after the surgery. As the court's earlier order noted, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Beel Atlantic v. Twombly, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). At most, Mr. Sabaj has suggested

---

[1] "§ 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." Spiegel v. McClintic, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted).

3

Dr. Nottage might have performed the surgery negligently, but that isn't enough to state a valid Eighth Amendment claim. *See e.g.,* Hildreth v. Butler, 960 F.3d at 425–26; *Thomas*, 2 F.4th at 722.[2]

Mr. Sabaj might be trying to assert negligence, malpractice, or some other Indiana law tort claim against Dr. Nottage, but without a viable federal claim, the court declines to allow him to litigate this potential state law claim in federal court.[3] *See* 28 U.S.C. § 1367; Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs., 593 F.3d 507, 513 (7th Cir. 2010).

Mr. Sabaj's second amended complaint doesn't state any viable federal claims for which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" Liu v. T&H Machine, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also* Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1024-25 (7th Cir. 2013). But "that does not mean it must always be given." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure

---

[2] To the extent Mr. Sabaj might be seeking injunctive relief to repair the vision in his left eye, he hasn't stated any valid claims. He alleges officials at the Westville Correctional Facility have sent him to two outside specialists within the last year and that he will be scheduled to see a neurologist regarding his lack of vision. Based on these facts, it's not plausible to infer Mr. Sabaj is not getting constitutionally adequate medical care. *See e.g.* Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content); Atkins v. City of Chicago, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted).

[3] There is no apparent basis to conclude that diversity jurisdiction exists. Mr. Sabaj doesn't plead any party's citizenship, as required to invoke diversity jurisdiction, and he and Dr. Nottage were both located in Indiana at the time of the events in question. *See* 28 U.S.C. § 1332.

deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Mr. Sabaj has already amended his complaint twice, and for the reasons already set forth, the court finds no basis to conclude that, with another chance, he could assert a plausible federal claim against Dr. Nottage.

For these reasons, the court:

(1) DISMISSES the federal claims with prejudice pursuant to 28 U.S.C. § 1915A;

(2) DECLINES to exercise supplemental jurisdiction under 28 U.S.C. § 1336(c)(3) over any potential State law claims against Jennifer M. Nottage; and

(3) DIRECTS the clerk to enter judgment and close this case.

SO ORDERED on August 31, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
